# Exhibit A-1



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19813736**
**Date Processed: 05/16/2019**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Members Only Dental d/b/a Bella Vita Dentistry vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Denton County District Court, TX |
| **Case/Reference No:** | 19-4234-442 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/16/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | C. Bryan Beverly<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-Served via EFile.TXCourts.gov on
5/9/2019 12:09 PM

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                         COUNTY OF DENTON

### CAUSE NO. 19-4234-442

**TO: State Farm Lloyds by serving Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 442nd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 19-4234-442 |
| Date of Filing: | May 08, 2019 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Members Only Dental; State Farm Lloyds |
| Clerk: | David Trantham, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | C. Bryan Beverly<br>26619 I-45 South, The Woodlands, TX 77380 |

Issued under my hand and seal of this said court on this the 9th day of May, 2019.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____ Deputy
Shelley McCutcheon

### Service Return

Came to hand on the __13__ day of __May_____, 20_19_, at __9__ __A__.m., and executed on the
_____ day of _____, 20__, at _____ M by delivering to the within named
_____
_____ in person  a true copy of this citation, with attached copy(ies)
of the Plaintiff's Original Petition , at
_____.

Service Fee: $ _____                _____ Sheriff/Constable
                                            _____ County, Texas

Service ID No. _____              _____
                                            Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me
to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of
perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules
of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of
this suit, and have been authorized by the Denton County Courts to serve process.
Subscribed and sworn to before me on this the _____ day  of _____, 20__
_____
Notary Public

FILED: 5/8/2019 3:47 PM
David Trantham
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. 19-4234-442 _____

| | | |
|---|---|---|
| **MEMBERS ONLY DENTAL D/B/A** | § | **IN THE DISTRICT COURT** |
| **BELLA VITA DENTISTRY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **DENTON COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Members Only Dental d/b/a Bella Vita Dentistry (hereinafter "Plaintiff"), and complains of State Farm Lloyds (hereinafter "State Farm"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Denton County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

### III.
### PARTIES

3.     Plaintiff is an individual whose business and property is located in Trophy Club, Denton County, Texas.

4.     Defendant State Farm is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### IV.
### FACTUAL BACKGROUND

5.     Plaintiff is the named insured under a commercial property insurance policy issued by State Farm, insurance policy no. 93-CP-G580-4 (hereinafter referred to as the "Policy").

6.     On or about January 24, 2019, a fire severely damaged Plaintiff's property located at 925 Trophy Club Drive, Trophy Club, TX 76262 (hereinafter referred to as the "Property"). Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

7.     To date, over 100 days since the loss and interruption of Plaintiff's business, State Farm has failed to pay or even tender to Plaintiff a coverage decision on its covered claim.

8.     The adjuster, assigned to the claim by State Farm, has conducted a egregiously long and substandard investigation of the Property and damages, continued to come up with new, duplicative and unreasonable document requests, and has yet to reach a coverage decision in violation of the language in the Policy and timeline mandated by the Texas Insurance Code.

9.     More specifically, upon acceptance of the claim by State Farm, State Farm assigned Michael Carter to perform an investigation of Plaintiff's damages. Over 100 days later,

Plaintiff still has not received any coverage nor explanation from Michael Carter or State Farm on why he has not received the coverage he purchased from State Farm.

10.     It is clear that State Farm's unreasonable and significantly delayed investigation is the cause of Plaintiff's losses to date. As a result of the mishandling of its claim, Plaintiff has been forced to hire legal counsel to recover the coverage it has purchased from State Farm while State Farm continues to find a way to pin the liability for Plaintiff's losses onto someone else.

11.     As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with State Farm. Therefore, Plaintiff has been forced to file this suit in order to recover total loss damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

12.     As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANT

13.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

14.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

15.     All acts by State Farm were undertaken and completed by its officers, agents, servants, employees, and representatives. Such were either done with the full authorization or ratification of State Farm and were completed in its normal and routine course and scope of employment with State Farm.

## 1. BREACH OF CONTRACT

16.     According to the insurance coverage that Plaintiff purchased from State Farm, State Farm had the absolute duty to timely and reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to its extensive fire-related damages.

17.     As a result of the January 24, 2019 fire loss, Plaintiff has suffered devastating damages to its property and business which should be covered under the Policy it purchased from State Farm.

18.     Despite objective evidence of such damages and the cause thereof, State Farm has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to put Plaintiff's property and business back into pre-loss condition, as well as for related losses. As a result of this material breach, Plaintiff has suffered actual and consequential damages.

## 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

19.     State Farm's collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of Section 17.46(b), State Farm collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *17.46(b)(5)* - Representing that its Policy, coverage and claim adjustment services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;

*17.46(b)(7)* - Representing that its Policy, coverage and claim adjustment services were of a particular standard, quality, or grade, and that the Policy was of a particular style or model, when they were of another;

*17.46(b)(12)* - Representing that the Policy conferred or involved rights, remedies, or obligations which it did not have or involve; and

*17.46(b)(24)* - Failing to disclose information concerning the Policy, coverage and claim adjustment services which were known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

20.    Moreover, and specifically in violation of Section 17.50(a), State Farm collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to its detriment, in addition to engaging in the following:

*17.50(a)(3)* - An unconscionable action or course of action; and

*17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

21.    As described in this Original Petition, State Farm represented to Plaintiff that the Policy and State Farm's adjusting and investigative services had characteristics or benefits that they actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

22.    As described in this Original Petition, State Farm represented to Plaintiff that the Policy and State Farm's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

23.    By representing that State Farm would pay the entire amount needed (minus the Policy deductible) by Plaintiff to repair the property and business loss damages caused by the fire

and then not doing so, State Farm has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a) (3) - (4) of the DTPA.

24.     State Farm's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

25.     State Farm's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

26.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from State Farm. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by State Farm to its detriment. As a direct and proximate result of State Farm's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of State Farm are a producing cause of Plaintiff's damages that are described in this Original Petition.

27.     As a result of State Farm's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for State Farm having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three

times the amount of mental anguish and actual damages due to State Farm having intentionally committed such conduct.

28.     As a result of State Farm's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. SECTION 541

29.     State Farm's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under Section 541.051, State Farm committed the following unfair and deceptive acts or practices in the business of insurance:

> *541.051(1)(A)* - Making statements misrepresenting the terms of the Policy; and
>
> *541.051(1)(B)* - Making statements misrepresenting the benefits of the Policy.

30.     Continuing, in violation of Section 541.060(a), State Farm engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

> *541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;
>
> *541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;
>
> *541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

---

*541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

*541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the Policy; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

31.     Further, State Farm violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

B. SECTION 542

32.     State Farm's actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of State Farm to date, State Farm has thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the Policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

*542.003(b)(5)* - Compelling Plaintiff, a policyholder, to institute a suit to recover the amount due under the Policy by offering substantially less than the amount ultimately recovered in a suit brought by Plaintiff.

33.     State Farm has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, State Farm committed the following violations:

*542.055(a)(1)* - Failing to acknowledge receipt of Plaintiff's claim within 15 days after State Farm received notice of Plaintiff's claim;

*542.055(a)(2)* - Failing to commence an investigation of Plaintiff's claim within 15 days after State Farm received notice of Plaintiff's claim;

*542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that State Farm reasonably believes, at the time, was required from Plaintiff, within 15 days after State Farm received notice of Plaintiff's claim;

*542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date State Farm received all items, statements, and forms required for State Farm to secure final proof of loss; and

*542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, State Farm delayed payment of the claim for a period exceeding the period more than 60 days.

34.     As a result of the above-referenced violations and acts committed by State Farm, and in accordance with Section 542.060 of the Texas Insurance Code, State Farm is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

35.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because State Farm's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for State Farm having knowingly committed such conduct.

36.     Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for State Farm having intentionally committed such conduct.

37.     As a result of State Farm's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

**4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING**

38.     State Farm has breached its common law duty of good faith and fair dealing by failing to pay Plaintiff's claim when liability had become clear, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for State Farm's coverage decision.

## VI.
## WAIVER AND ESTOPPEL

39.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

40.     State Farm has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

41.     State Farm's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

42.     Pursuant to Texas Insurance Code § 862.053(a), a "fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy." Plaintiff seeks this liquidated demand amount along with other damages proximately caused by State Farm's conduct as outline below.

43. As stated above, since this loss suffered by Plaintiff is a total loss, Plaintiff seeks monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

44. Furthermore, State Farm's conduct was committed knowingly and intentionally. Accordingly, State Farm is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

45. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

46. Plaintiff seeks attorney fees on a contingency fee basis. If the attorney fees must be broken down into an hourly rate, Plaintiff seeks attorney fees at $350 per hour.

47. Attorney's fees are awarded to the party as part of the damages owed by an insurance company that violates Chapter 542 of the Texas Insurance Code. We believe it consistent with the statute's purpose to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The spectre of large attorney's fees serves as additional incentive to the insurance company to respond promptly and diligently to its insured's claims. *Mid-Century Ins. Co. v. Barclay,* 880 S.W.2d 807 (Tex. App. 1994).

## IX.
## <u>JURY DEMAND</u>

48.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original

Petition.

## X.
## <u>WRITTEN DISCOVERY PROPOUNDED TO STATE FARM</u>

A. REQUEST FOR DISCLOSURE

49.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that State Farm

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l),

and to do so within 50 days of this request.

B. REQUEST FOR PRODUCTION

50.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production:

       a.     Please produce State Farm complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim;

       b.     Please produce the CV of the individual responding to these discovery requests;

       c.     Please produce the underwriting files referring or relating in any way to the Policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file;

       d.     Please produce certified copy of the Policy pertaining to the claims involved in this suit;

       e.     Please produce the electronic diary, including the electronic and paper notes made by State Farm claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims;

f. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, including communications with the dental device manufacturers and fire investigators, which is the subject of this suit;

g. Please produce all adjusting reports, estimates, cause or origin investigation findings, dental device manufacturer testings, findings, and appraisals prepared concerning Plaintiff's underlying claim;

h. Please produce the field notes, measurements and files maintained by the adjuster(s), investigators and engineers who physically inspected the subject Property;

i. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s); and

j. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's property, regardless of whether State Farm intends to offer these items into evidence at trial.

## C. INTERROGATORIES

51. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories:

a. Please identify any person State Farm expects to call to testify at the time of trial;

b. Identify the individual(s) responding to these discovery requests on behalf of Defendant, including his or her name, current occupation, and role in the claim;

c. Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement;

d. Please identify the persons involved in the investigation into the cause and origin of the fire and include a brief description of the involvement of each person identified, their employer, the date(s) of such involvement and a description of their involvement;

---

e.    If State Farm or State Farm's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm or any of State Farm's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step;

f.    Please identify by date, author, and result, the estimates, appraisals, engineering, cause and/origin and other reports generated as a result of State Farm's investigation or third party investigations State Farm has notice of;

g.    Please state the following concerning notice of claims and timing of payment:

  i.    The date and manner in which State Farm received notice of the claim;
  ii.   The date and manner in which State Farm acknowledged receipt of the claim;
  iii.  The date and manner in which State Farm commenced investigation of the claim;
  iv.   The date and manner in which State Farm requested from the claimant all items, statements, and forms that State Farm reasonably believed, at the time, would be required from the claimant;
  v.    The date and manner State Farm's investigation was complete and its coverage decision made and
  vi.   The date and manner in which State Farm notified the claimant in writing of the acceptance or rejection of the claim.

h.    Please identify by date, amount and reason, the insurance proceed payments made by State Farm, or on State Farm's behalf, to the Plaintiff;

i.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim and when Plaintiff was notified of said coverage decision;

j.    The date State Farm reasonably anticipated litigation;

k.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm's document retention policy;

l.    Does State Farm contend that the insured premises was damaged by a fire and/or any excluded peril? If so, state the general factual basis for this contention;

m.   Does State Farm contend that any act or omission by the Plaintiff voided, nullified, waived or breached the Policy in any way? If so, state the general factual basis for this contention;

n.   Does State Farm contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention;

o.   The conditions precedent, if any, you contend Plaintiff has not satisfied under the Policy;

p.   How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

    i.   What performance measures are used; and
    ii.   Describe State Farm's bonus or incentive plan for adjusters.

## XI.
## CONCLUSION AND PRAYER

52.   Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/  C. Bryan Beverly*
C. Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
bryan@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

CERTIFIED MAIL

7016 0600 0000 1884 0920



**DVA CONSULTING SERVICES**
**106 JACOBS MEADOW DRIVE**
**CONROE, TX 77384**

State Farm Lloyds
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701