# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MEMBERS ONLY DENTAL, PA D/B/A BELLA VITA DENTISTRY, <br><br> *Plaintiff,* <br><br> v. <br><br> STATE FARM LLOYDS, <br><br> *Defendant,* <br><br> v. <br><br> VERITEX COMMUNITY BANK, <br><br> *Intervenor/Plaintiff.* | § § § § § § § § § § § § § § § § § Civil Action No.  4:19-CV-00437 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Leave to File Third Amended Answer and Affirmative Defenses (Dkt. #102). Having reviewed the motion, response, and relevant pleadings, the Court finds that the motion should be **DENIED.**

### BACKGROUND

Plaintiff Members Only Dental, PA ("Members Only") filed the instant suit in the 442nd Judicial District Court of Denton County, Texas against Defendant State Farm Lloyds ("State Farm") on May 8, 2019, for breach of contract, breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and violations of the Texas Insurance Code (Dkt. #3). State Farm filed its original answer in state court on June 10, 2019 (Dkt. #4). The case was removed to the undersigned Court on June 13, 2019 (Dkt. #1).

On July 18, 2019, Members Only filed an amended complaint (Dkt. #9). In response, State Farm filed an amended answer on November 26, 2019 (Dkt. #14). On February 12, 2021,

1

Members Only filed a second amended complaint (Dkt. #52). Accordingly, State Farm filed a second amended answer on February 26, 2021 (Dkt. #55). Over a year later, on February 23, 2022, State Farm moved for leave to file its Third Amended Answer, seeking to add two affirmative defenses: (1) arson, and (2) illegality and fraud (Dkt. #102). On February 24, 2022, Members Only filed a response (Dkt. #104). On February 25, 2022, State Farm filed a reply (Dkt. #106).

The Court held a pretrial conference on February 22, 2022, in which the Court heard argument on the underlying motion. Trial on this case is set to begin on March 7, 2022.

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic."

*Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

In support of its motion, State Farm cites to the liberal standard of Federal Rule of Civil Procedure 15(a). In doing so, State Farm mistakenly argues that Rule 16(b)(4)'s requirement that the movant demonstrate "good cause" to amend is not the standard it must meet (Dkt. #106 at p. 1). According to State Farm, only Rule 15(a) applies to its motion, and leave under Rule 15(a) should be freely given unless the court "possesses a substantial reason to deny" the request (Dkt. #106 at p. 3).

State Farm's argument is a clear misstatement of the law. A party seeking leave to amend pleadings after the deadline set by the court's scheduling order must satisfy the requirements of Rule 16(b)(4). *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Only after a moving party demonstrates good cause under Rule 16(b)(4) can the court consider the party's motion to amend under Rule 15's liberal standard. *Id.* Pursuant to the Scheduling Order (Dkt. #12), State Farm's deadline to amend pleadings expired on November 26, 2019. Because the Scheduling Order's deadline to amend pleadings has passed, State Farm must show good cause under Rule 16(b)(4) before the Court may assess the motion under Rule 15(a).

In determining whether good cause exists under Rule 16(b)(4), courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 535 (quoting *Reliance Ins. Co.*, 110 F.3d at 257). State Farm does not address, much less satisfy, Rule 16(b)(4)'s good cause standard, and the four factors weigh against State Farm. To the first factor, State Farm offers no

explanation for its failure to timely amend. Good cause under Rule 16 requires a demonstration of due diligence. The burden is on the movant "to show that the deadlines [could not] reasonably be met despite the diligence of the [movant]." *Id.* at 536. State Farm makes no argument that, despite its diligent efforts, it was unable to meet the pleading deadlines set by the court. While State Farm notes that it has recently obtained new representation, "a recent change of counsel does not entitle a party to attempt to undo the strategic choices made by the party's prior counsel." *Rodrigues v. U.S. Bank Nat'l Ass'n*, No. 3:20-CV-0291, 2021 WL 2077650, at *2 (N.D. Tex. May 24, 2021) (internal quotation and citation omitted). Further, nothing in the record indicates that State Farm has been diligent. Members Only filed this lawsuit on May 8, 2019. State Farm did not move for leave to amend for purposes of adding affirmative defenses until two years and nine months later, on February 23, 2022. Thus, the first factor weighs against granting leave to amend.

The next factor involves the relative importance of the amendment. State Farm claims that it recently obtained new evidence "which was previously not provided to State Farm, and which limited State Farm's ability to assert certain specific defenses" (Dkt. #102 ¶ 12). But in the same breath, State Farm admits that this evidence "confirm[s] information included in expert reports" and its claim decision letter, and thus would simply "add additional details related to its defenses" (Dkt. #102 ¶ 13). Even if this new evidence substantially strengthens State Farm's case, State Farm does not dispute that it "*could* have asserted the [defenses] it [seeks] to add through amendment from the outset of the litigation." *S&W Enters.*, 315 F.3d at 537 (emphasis added); *see also Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003) (denying leave to amend upon finding that "[movant] was aware of the contract that forms the basis of its proposed [counterclaim] months in advance of the deadline and does not offer a satisfactory

5

explanation for its delay in seeking leave to amend"). Thus, the second factor weighs against granting leave to amend.

The third and fourth factors involve prejudice to the nonmovant and the availability of a continuance. The affirmative defenses State Farm seeks to add, if proven, would completely bar Members Only from recovering. Allowing State Farm to add these defenses on the eve of trial would be prejudicial to Members Only's ability to create an effective trial strategy. Finally, even if the Court could grant a continuance to resolve any potential prejudice, doing so would disrupt the trial date. At the request of the parties, the Court has extended the trial setting for this case four times already—first from May 2020 to January 2021 (*see* Dkt. #12, Dkt. #43), then to May 2021 (*see* Dkt. #50), then to September 2021 (*see* Dkt. #76), and finally to the current trial setting of March 7, 2022 (*see* Dkt. #82). Despite the amount of time this case has been sitting on the Court's docket, State Farm did not file its motion to amend to add affirmative defenses until two weeks before trial, well after the deadline set in the Scheduling Order. Continuing this case for a fifth time would be prejudicial to Members Only, and would inhibit the Court's ability to enforce the deadlines in the Scheduling Order. Thus, both the third and fourth factors weigh against granting leave to amend.

In sum, all four factors under Rule 16(b)(4) weigh against granting leave to amend. The Court finds, therefore, that State Farm has failed to establish good cause that a third amended answer should be permitted at this stage in the litigation. Because State Farm has failed to make the requisite good cause showing under Rule 16(b)(4), the Court does not reach Rule 15(a)'s more lenient analysis.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Leave to File Third Amended

Answer and Affirmative Defenses (Dkt. #102) is hereby **DENIED.**

  **IT IS SO ORDERED.**

  **SIGNED this 1st day of March, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE