# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MEMBERS ONLY DENTAL, PA D/B/A § <br> BELLA VITA DENTISTRY, § <br>  *Plaintiff*, § <br> v. § <br> § <br> STATE FARM LLOYDS, § <br>  *Defendant*. § <br> § | Civil Action No. 4:19-cv-00437 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm's Emergency Motion for Protective Order and Sanctions (Dkt. #136). Having reviewed the motion and applicable law, the Court finds that the motion should be **DENIED**.

### ANALYSIS

While Defendant's request is couched as a "protective order," the relief Defendant seeks is to restrain Dr. Joshua Foreman and his family members from contacting or harassing Defendant's counsel, employees, and trial witnesses (Dkt. #136 at pp. 1–2). Thus, Defendant's motion is more properly understood as a request for a temporary restraining order or injunction and the Court will analyze it as such.

Defendant has not shown that this Court has authority—either inherent or statutory—to grant the relief Defendant seeks. Defendant asks this Court to issue an injunction and sanctions under the Court's "inherent authority" (Dkt. #136 at p. 4). However, unlike Texas district courts and county courts at law that may have authority to grant injunctions, protective orders, or restraining orders on the grounds Defendant pleaded,[1] this Court's "inherent power is limited and

---

[1] *See Sharp v. Jimmerson*, No. 01-20-00360, 2021 WL 3624712, at *3–5 (Tex. App.—Houston Aug. 17, 2021) (comparing district court's authority to grant protective order under § 71.004 of the Texas Family Code with protective order under § 42.07 of the Texas Penal Code); *Shoemaker v. State*, 493 S.W.3d 710, 715–16 (Tex. App.—Houston

interpreted narrowly." *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002) (footnotes omitted). "And, although the Court's inherent power may support an injunction in appropriate circumstances, the use of that authority is still bound[ ] by the limits of Article III[.]" *Lopez v. Reliable Clean-Up & Support Servs. LLC*, No. 3:16-CV-2595-D, 2017 WL 6611615, at *2 (N.D. Tex. Nov. 15, 2017) (citing *In re Stewart*, 647 F.3d 553, 557–58 (5th Cir. 2011)). For this reason alone, an injunction or sanctions from this Court would not be an appropriate remedy for the specific relief Defendant requests.

Moreover, Defendant has not made the requisite showing necessary to obtain a temporary restraining order. The prerequisites for a temporary restraining order or preliminary injunction are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Here, Defendant alleges its counsel and witnesses have been threatened and harassed by Dr. Joshua Foreman and his family. "[B]ut mere threats and verbal abuse do not amount to irreparable injury." *Mack v. Smith*, No. 5:15-CV-202, 2017 WL 9288615, at *1 (E.D. Tex. Jan. 26, 2017).

Because Defendant has not made the requisite showing on at least one element, the Court cannot grant Defendant's motion. *See United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983) (holding that a temporary restraining order cannot be granted unless the movant clearly carries the onerous burden of persuasion as to all the elements).

---

2016) (same); *see also* TEX. CIV. PRAC. & REM. CODE Ch. 65, *et seq*.

## CONCLUSION

It is therefore **ORDERED** that Defendant State Farm's Emergency Motion for Protective Order and Sanctions (Dkt. #136) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 21st day of March, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE