# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MEMBERS ONLY DENTAL, P.A. D/B/A § <br> BELLA VITA DENTISTRY, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> STATE FARM LLOYDS, § <br> *Defendant*. § <br> § | Civil Action No. 4:19-CV-00437 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm Lloyds' Motion to Allocate Costs and Bill of Costs (Dkt. #148). Having considered the motion and the response, the Court finds that the motion should be **GRANTED in part** and **DENIED in part.**

### BACKGROUND

Plaintiff Members Only Dental, P.A. d/b/a Bella Vita Dentistry ("Members Only") filed the instant suit in the 442nd Judicial District Court of Denton County, Texas against Defendant State Farm Lloyds ("State Farm") on May 8, 2019, for breach of contract, breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and violations of the Texas Insurance Code (Dkt. #3). The case was removed to the undersigned Court on June 13, 2019, based on diversity jurisdiction (Dkt. #1). The case proceeded to jury trial on March 7, 2022. On March 17, 2022, the jury rendered a verdict in favor of State Farm on all claims (Dkt. #143). On March 21, 2022, this Court issued a final judgment in accordance with the jury's verdict, holding Members Only take-nothing and dismissing its claims with prejudice (Dkt. #147).

On April 4, 2022, State Farm filed the present motion in which State Farm requests its costs in the amount of $22,057.47 be taxed against Members Only (Dkt. #148). On April 8, 2022,

Members Only filed its response (Dkt. #149). Members Only generally objects to all requested costs because of its "limited financial resources" and "the great economic disparity" between the parties (Dkt. #149 at p. 2). Members Only also specifically objects to various costs as unreasonable and unallowable under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. State Farm has not filed a reply to Members Only's objections.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Under 28 U.S.C. § 1920, courts may tax the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

"The burden is on the party seeking an award of costs to show entitlement to an award." *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-CV-00764, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015). However, the Fifth Circuit has explained that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The denial of costs is considered "in the nature of a penalty," so the court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for

doing so." *Schwarz*, 767 F.2d at 131.

The court has discretion to deny costs when the "suit was brought in good faith and denial is based on at least one of the following factors: '(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794); *but see Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013) (holding that cost awards may not be reduced based on the prevailing party's wealth); *see also* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (4th ed. 1998).

## ANALYSIS

State Farm, as the prevailing party, requests an award in the amount of $22,057.47 for costs it expended in this matter. In its motion, State Farm asserts that all expenses were necessary to State Farm's case and, at the time the expenses were incurred, were expected to be used for trial preparation (Dkt. #148 at ¶ 9). State Farm also submitted an affidavit from its designated corporate representative for this case, Michael Carter, attesting to the following: (1) "[e]very item or expense set forth in the Itemization of Costs and the Bill of Costs has been necessarily incurred in this case;" (2) "[e]very service for which fees were charged . . . [was] actually and necessarily performed;" and (3) "at the time the costs were incurred, the costs were for services/expense[s] that could reasonably be expected to be used for trial preparation" (Dkt. #148, Exhibit 1 at pp. 2–3).

Members Only first responds that the Court should not award State Farm any of its costs in this case because of the great economic disparity between the parties (Dkt. #149 at pp. 3–4).

Alternatively, Members Only objects to various line-item entries on State Farm's bill of costs as unreasonable or excessive, and thus not taxable under § 1920 (Dkt. #149 at pp. 6–10).

I.     **Whether "Economic Disparity" Justifies a Denial of Costs**

As stated, Members Only asks this Court to decline any award of costs to State Farm because of a large economic disparity between the parties. Federal Rule of Civil Procedure 54(d) raises a presumption that costs should be awarded to the prevailing party, unless a court directs otherwise. FED. R. CIV. P. 54(d)(1); *Pacheco*, 448 at 793. Despite this presumption, a court has some discretion in determining whether to award or reduce costs to the prevailing party. *See Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006); *Three–Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir. 1976) ("Rule 54(d) . . . gives [the district court] discretion to order that each party bear part or all of its own costs.").

However, in the Fifth Circuit, this discretion does not permit a district court to deny or reduce a cost award based on financial disparity. The Fifth Circuit has unequivocally held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore*, 735 F.3d at 320. Accordingly, State Farm's cost award may not be denied simply because State Farm has more financial resources at its disposal than Members Only. *See also Wojcik v. Mem. Hermann Health Sys.*, No. H-17-3198, 2019 WL 5929732, at *2 (S.D. Tex. Nov. 8, 2019). Therefore, Members Only's objection to the entirety of State Farm's costs on the ground of economic disparity is denied.

II.    **Recoverable Costs**

The Court will now address whether the amount of State Farm's requested cost award is permissible. For a court to tax costs, the prevailing party must satisfy its burden of proving the amount and necessity of the costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64

(5th Cir. 1994) ("[T]he party seeking such cost must offer some proof of the necessity."). This burden "entails showing what the claimed expenditures were for and why the transcripts and copies where necessarily obtained for use in the case." *Freeny v. Apple Inc.*, No. 2:13-CV-00361, 2014 WL 6847808, at *1 (E.D. Tex. Dec. 4, 2014) (citing *Holmes*, 11 F.3d at 64); *see also Basler v. Barron*, No. H-15-2254, 2017 WL 3394603, at *5 (S.D. Tex. Aug. 8, 2017) (stating the prevailing party may "attach[ ] an affidavit that the amount claimed is correct, the costs were necessarily incurred during the case, and the services giving rise to the costs were actually and necessarily performed.").

Here, State Farm submitted a bill of costs detailing the categories and amounts of its expenses, attached an affidavit attesting that these costs were actually and necessarily incurred, and attached invoices related to each expense. State Farm requests an award in the amount of $22,057.47 for the following categories of expenses: (1) $2,864.00 for service of summons and subpoenas; (2) $1,032.05 for witness fees; (3) $9,498.45 for deposition transcripts; and (4) $8,662.97 for copying costs (Dkt. #148 at ¶ 10). Members Only raises objections as to each category. State Farm did not respond to any of Members Only's objections. Thus, the Court will analyze each category to determine whether State Farm should be awarded the requested costs, and concurrently consider the merits of Members Only's objections.

### A. Fees for Service of Summons and Subpoenas

State Farm requests $2,864.00 for fees spent on private process service of deposition subpoenas on various deponents. Members Only first argues that § 1920(1) does not authorize costs incurred for service carried out by private process servers, and thus State Farm's summons and subpoena expenses were wholly excessive and unnecessary. Alternatively, Members Only objects to the following individual expenses: (1) the oral deposition subpoena of Gary Cochran

5

because he "was never even deposed" (Dkt. #149 at p. 6); (2) postage charges incurred for subpoenas on depositions on written questions (Dkt. #149 at p. 7); and (3) the trial subpoena for Gloria Ballesteros because "she did not appear nor testify at trial" (Dkt. #149 at p. 8).

Section 1920(1) permits recovery of costs expended for "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Some courts have cited to this provision when awarding fees for private process servers under § 1920. *See Castone Corp. v. Advanced Cast Stone, Inc.*, No. 1:10-CV-287, 2012 WL 13018538, at *7 (S.D. Miss. Aug. 8, 2012) (citing cases). "The Fifth Circuit, has held, however, that absent anything exceptional about the parties or the nature of the case, a district court should deny unnecessary private service costs." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 247 (5th Cir. 1997); *see also Marmillion v. Am. Intern. Ins. Co.*, 381 Fed. App'x 421, 431 (5th Cir. 2010) (holding that without exceptional circumstances, "the costs of a private process server are not recoverable under [§] 1920."). State Farm has not alleged that this case presents any "exceptional circumstances" that would permit this Court to award fees under § 1920 for private process service. Nor does the record indicate any exceptional circumstances exist based on the parties or the nature of the case. Thus, the Court finds that State Farm has not met its burden of showing that the $2,864.00 it incurred for service of deposition subpoenas by private process servers is recoverable as a necessary and reasonable expense. Accordingly, the Court finds that State Farm's service fees are not taxable as costs under § 1920. Further, because State Farm did not meet its burden, the Court need not address Members Only's specific line-item objections.

### B. Fees for Witnesses

State Farm requests $1,032.05 for fees paid to twenty witnesses, five of whom testified at trial. "[W]itness fees are recoverable as taxable costs under § 1920 if, at the time the deposition is

taken, it appears likely that the testimony will be used in the case." *Deep Fix, LLC v. Marine Well Containment Co., LLC*, No. H-18-0948, 2020 WL 1845336, at *3 (S.D. Tex. Apr. 10, 2020). Further, "[a]lthough courts do not ordinarily allow fees for witnesses who have not testified at trial, a court may award such a fee if the witness was ready to testify but extrinsic circumstances rendered his testimony unnecessary." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984).

By way of affidavit, State Farm attests that these witnesses, at the time they were deposed, were likely to testify at trial. Members Only does not disagree with this statement, or otherwise object to these costs. The Court finds, therefore, that these charges were necessarily incurred, and are thus recoverable under § 1920.

### C. Fees for Deposition Transcripts

State Farm requests $9,498.45 for the cost of deposition transcripts for the following witnesses:

| WITNESS | DEPOSITION TRANSCRIPT COST |
|---|---|
| Frank Poag | $1,155.95 |
| Richard V. Lyschik, DDS | $915.35 |
| Allison June Bradford | $540.75 |
| Ali Allen Parvizi | $564.75 |
| Gloria Ballesteros | $661.00 |
| Sean Cannon | $822.00 |
| Mark Porter | $536.50 |
| James Maxwell Judge | $452.00 |
| Michelle Foreman | $778.50 |
| Joshua Foreman | $1,151.80 |
| Karen Evans | $477.00 |
| Matthew Matherne | $470.70 |
| Randall Jenkins | $512.10 |
| Jennifer Herren | $460.10 |
| **TOTAL** | **$9,498.45** |

(Dkt. #148 at pp. 9–10). Members Only objects that the transcripts for the depositions of Gloria Ballesteros, Allison Bradford, and Jennifer Herren "were not necessary for use in the case" (Dkt. #149 at p. 8). Members Only further argues that fees spent on court reporter attendance—

7

totaling $550.00—are costs of "convenience under § 1920 and therefore [are] not recoverable" (Dkt. #149 on p. 8). In total, Members Only requests the award for this category of costs be reduced to $7,386.60.

Under § 1920, prevailing parties may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Costs related to deposition transcripts are necessarily obtained "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery[.]" *Fogleman*, 920 F.2d at 285–86. Further, the recovery allowed under § 1920(2) may include costs for attendance of the court reporter at the deposition. *See Chembulk Hous. Pte. Ltd v. M/V MONTE ALEGRE*, No. H-15-714, 2018 WL 3756840, at *5 (S.D. Tex. Aug. 8, 2018). "Incidental costs associated with taking the depositions, however, such as the costs for disks, delivery charges, and indexing, are generally not recoverable." *Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-662, 2019 WL 162885, at *2 (N.D. Tex. Jan 9, 2019).

Here, after reviewing the related invoices, the Court finds that Members Only's objections are generally without merit. Most of the depositions State Farm seeks reimbursement for—including those deponents Members Only specifically objects to—were depositions taken of individuals who State Farm anticipated would testify at trial (*see* Dkt. #63, Exhibit 2; Dkt. #95; Dkt. #103; Dkt. #138). However, there is no evidence that the deposition of Allison Bradford was taken for "trial preparation, rather than merely for discovery." *Foglemen*, 920 F.2d at 285. In previous pleadings, State Farm identified Allison Bradford as an individual who possessed information potentially relevant to State Farm's case (*see* Dkt. #86 ¶ 20, n.15). But Allison Bradford did not testify at trial, and neither in previous pleadings nor the present motion has State

8

Farm elaborated on if or why her testimony was necessary for trial preparation. Due to the lack of response by State Farm, the Court lacks adequate information to determine if Allison Bradford's deposition was taken for trial preparation or simply for discovery purposes. Thus, the Court declines to award State Farm the $540.75 it spent on Allison Bradford's deposition transcript.

With the exception of Allison Bradford, the Court finds that State Farm reasonably anticipated the deposition transcripts of all other witnesses would be used at trial. Thus, the costs incurred related to these transcripts, including the costs of the court reporter's attendance, were necessarily incurred and are recoverable under § 1920(2). Accordingly, the Court will award State Farm $8,957.70 for the cost of deposition transcripts.

### D. Fees for Copies

#### i. Copies of Trial Documents and Exhibits

State Farm seeks $6,977.87 related to copies of documents to be used at trial, including trial exhibits, witness statements, binders, tabs, and color prints. Members Only objects that "binders, tabs and color prints" are "'costs for convenience' and are not recoverable [ ] under § 1920" (Dkt. #149 at p. 9). Accordingly, Members Only requests these costs be reduced to $1,792.62.

Costs of photocopies necessarily obtained for use in litigation are recoverable upon proof of necessity. 28 U.S.C. § 1920(4). Further, the Fifth Circuit has indicated that "[the losing party] should be taxed for the cost of . . . exhibits for use in the case." *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 793 (N.D. Tex. 2014) (quoting *Fogleman*, 920 F.2d at 286). While the prevailing party must demonstrate a link between the costs incurred and the litigation, the prevailing party need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman*, 920 F.2d at 278. Charges for multiple copies, however, are not taxable

as costs. *Id.*

The Court agrees this category of costs should be reduced, but only in part. First, State Farm requests costs for three copies of its trial exhibits. The Court required each party in this case to bring two sets of their respective trial exhibits to trial for the Court's use—one original and one copy, each labeled and placed in three-ring binders (*see* Dkt. #62). Thus, for the two copies of its trial exhibits State Farm created for the Court's use, the Court finds these costs were necessarily incurred and may be awarded under § 1920. The third copy of State Farm's exhibits was created for State Farm's use at trial. Additionally, State Farm requests costs for one copy of its contingent trial exhibits, one copy of Members Only's trial exhibits, and copies of witness statements to be used at trial. In general, "[t]he costs of copying trial exhibits and pleadings are clearly recoverable." *Hartnett v. Chase Bank of Tex. Nat'l Ass'n*, No. 3-98-CV-1061, 1999 WL 977757, at *5 (N.D. Tex. Oct. 26, 1999). Further, copies of trial documents and exhibits "[u]ndoubtedly [ ] facilitate[ ] the orderly presentation of evidence" at trial. *United States v. McLendon*, No. 3-97-CV-0613, 1999 WL 977752, at *1 (N.D. Tex. Oct. 26, 1999). Thus, the Court finds that these costs were also necessarily incurred and may be awarded under § 1920.

However, these fees must be reduced for two reasons. First, the fees must be reduced by the non-taxable costs of custom tabs and binders. Tabs and binders are generally considered costs incurred for the convenience of counsel, and thus are not taxable under § 1920. *See, e.g, Ervin v. Masters Res., LLC*, No. G-07-233, 2009 WL 10709756, at *5 (S.D. Tex. Aug. 10, 2009) (finding costs incurred for "tabs" not taxable under § 1920); *Casarez v. Val Verde Cnty.*, 27 F. Supp. 2d 749, 752 (W.D. Tex. 1998) (finding costs incurred for binders not taxable under § 1920). The total amount billed for binders and tabs was $503.30. However, the Court will allow the cost of two binders—reflected as $14.00 per binder on State Farm's invoice (Dkt. #148, Exhibit 1 at p. 51)—

for the Court's required trial exhibit copies which, as stated, are required to be submitted to the Court in a three-ring binder. Thus, State Farm's award for this category of costs will be reduced by $475.30.

Second, the fees must be reduced for the cost of color copies of the trial exhibits and other trial documents. Similar to tabs and binders, color copies are generally considered costs incurred for the convenience of counsel, and thus are not taxable under § 1920. *See, e.g., Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-800, 2015 WL 5278457, at *4 (E.D. Tex. Sept. 9, 2015) (finding costs incurred for producing color exhibits not taxable under § 1920); *Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984, 2013 WL 3790450, at *9 (W.D. Tex. July 19, 2013). Because State Farm did not respond to Members Only's objections, the Court does not have sufficient information to determine whether the costs spent on color copies was necessary. Thus, the Court will reduce State Farm's award for this category of costs by $3,872.05—the total cost of color copies as indicated by State Farm's attached invoices (Dkt. #148, Exhibit 1 at pp. 49–52). In sum, after reducing State Farm's award by the costs spent on binders, tabs, and color copies, the Court awards State Farm $2,630.52 for copies of trial exhibits and other documents to be used at trial.

### ii.   Copies of Records Provided Pursuant to Subpoenas for Depositions

State Farm seeks $627.10 for copies of records received pursuant to deposition subpoenas. State Farm asserts that "[t]he depositions, including deposition[s] upon written questions, were not merely for discovery or investigative purposes. Rather, at the time they were taken, the depositions . . . could reasonably be expected to be used for trial preparation" (Dkt. #148 at ¶ 10). Members Only objects that these costs are not recoverable under § 1920 because they were incurred "merely for convenience, to aid in thorough preparation, or for purposes of investigation only" (Dkt. #149 at p. 9). Thus, Members Only requests this category of costs be reduced

to $259.70.

"[C]ourts within the Fifth Circuit have found that costs associated with the subpoena of records and depositions on written questions are provided for by [§] 1920 as deposition costs." *Ervin*, 2009 WL 10709756, at *2. Such costs are considered to be costs of making copies recoverable under § 1920(4) so long as the copies are necessarily obtained for use in the case. *Id.* Here, however, State Farm has not shown that the copies of subpoenaed documents were not a duplication of the copies of exhibits made for trial presentation for which the Court has already awarded costs. To prevent an award for duplicate costs associated with copying the same piece of paper, State Farm's requested $627.10 for copies of records received via subpoena will not be allowed. *See Irving v. Freightliner, LLC.*, No. 1:03-CV-1391, 2005 WL 8161397, at *2 (E.D. Tex. Aug. 18, 2005).

### iii.  Certified Copies of Documents

State Farm requests $1,058.00 for the cost of copies of certified documents. Members Only argues these costs are completely unrecoverable under § 1920 because they are costs incurred either solely for the convenience of counsel, or only for purposes of preparation or investigation.

Under § 1920, "[t]he burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable." *Hoffman v. L & M Arts*, No. 3:10-CV-0953, 2015 WL 1000864, at *8 (N.D. Tex. Mar. 6, 2015) (quoting *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. 2007)). "When the party fails to meet this burden, the court can disallow all costs[.]" *Id.* Here, despite providing some supporting invoices, State Farm has not provided adequate information for the Court to determine the necessity of the certified copies. Other than conclusory statements that all costs incurred were "necessary," State Farm did not present any evidence or specific argument concerning the necessity of certified copies—even after

Members Only objected. Without any showing or explanation of necessity, this Court cannot determine whether these costs are compensable or not. *See Hannon v. Nevitt*, No. 3:09-CV-66, 2013 WL 12290978, at *16 (N.D. Tex. Mar. 14, 2013) (finding copying cost not taxable where party seeking reimbursement provided no explanation). Accordingly, the Court declines to award these costs to State Farm under § 1920.

### E. Conclusion

After reviewing the motion, supporting affidavit, and invoices, and considering State Farm's complete lack of response to Members Only's objections, the Court finds that State Farm: (1) is not entitled to any sum for service of summons and subpoenas; (2) is entitled to $1,032.05 for witness fees; (3) is entitled to $8,957.70 for deposition transcripts; (4) is entitled to $2,630.52 for copies trial documents and exhibits; (5) is not entitled to any sum for copies of records provided pursuant to subpoenas for depositions; and (6) is not entitled to any sum for certified copies of documents. Thus, in sum, out of the $22,057.47 requested, the Court finds that State Farm is entitled to a cost award under § 1920 in the amount of $12,620.27.

## CONCLUSION

It is therefore **ORDERED** that Defendant State Farm Lloyds' Motion to Allocate Costs and Bill of Costs (Dkt. #148) is hereby **GRANTED in part** and **DENIED in part**. Defendant State Farm Lloyds is entitled to recover $12,620.27 in costs under this motion.

**IT IS SO ORDERED.**

**SIGNED this 6th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE